UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND; TRUSTEES
OF THE NEW YORK CITY CARPENTERS RELIEF
AND CHARITY FUND; THE NEW YORK
CITY AND VICINITY CARPENTERS
LABOR-MANAGEMENT CORPORATION; and THE
NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                            Petitioners,

        -v-

INTERIOR CINEMA INC.,

                            Respondent.

------------------------------------------------------------------X

15 Civ. 4616 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/23/15

PAUL A. ENGELMAYER, District Judge:

      This decision resolves a petition to confirm an arbitration award. Petitioners are the Trustees of the New York City District Council of Carpenters Pension, Welfare, Annuity, and Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds"); the Trustees of the New York City Carpenters Relief and Charity Fund[1] (the "Charity Fund"; together with the ERISA Funds, the "Funds"); the New York City and Vicinity Carpenters

---

[1] On October 13, 2015, the Court ordered the petitioners to address an apparent discrepancy between the name of one of the petitioners, identified in this matter as the "Trustees of the New York City Carpenters Relief and Charity Fund," but listed in the arbitrator's award as the "New York District Council of Carpenters Charity Fund, By Joseph Geiger and David T. Meberg as Co-Chairmen of the Board of Trustees." Dkt. 12, at 1. On October 14, 2015, petitioners filed a letter informing the Court that the two funds are in fact the same, and that the correct name is the one listed in the petition before this Court. Dkt. 13.

Labor-Management Corporation; and the New York City District Council of Carpenters (the "Union") f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, AFL-CIO. Respondent Interior Cinema Inc. ("Interior Cinema") is an employer that is bound by a collective bargaining agreement with the Union.

On June 15, 2015, petitioners filed a petition (the "Petition") to confirm an arbitration award issued against respondent (the "Award"), and to recover attorneys' fees and costs incurred in bringing this action. Dkt. 1 ("Pet."). The Petition was filed under Section 502(a)(3) of the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(3); Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185; and Section 9 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9. For the following reasons, the Court confirms the Award, and grants petitioners' request for attorneys' fees and costs.

I.  **Background**[2]

    A.  **The Agreements**

Interior Cinema is a signatory to an agreement with the United Brotherhood of Carpenters and Joiners of America (the "International Agreement"), effective October 1, 1998. Pet., Ex. A. The International Agreement provides that "[p]ayment of annuity, pension and/or health and welfare contributions for an employee's work in each locality shall be made to such funds and in such amounts as are identified in the applicable collective bargaining agreement for that locality." *Id.*, Ex. A, Art. II. For the work and fund payments at issue here, the applicable collective bargaining agreement is the Union's Independent Building Construction Agreement (the "Local CBA"). Pet. ¶ 10. Under the Local CBA, Interior Cinema was required to pay

---

[2] The following undisputed facts are derived from the Petition; petitioners' memorandum of law, Dkt. 5 ("Pl. Br."); and the Opinion and Default Award of Arbitrator dated August 11, 2014, Dkt. 1, Ex. D ("Award").

certain contributions, including to the Funds in this case, on behalf of all covered employees. *Id.*, Ex. B ("CBA"), Art. XV §§ 1–2.

To ensure that the requisite payments were made, the Local CBA required Interior Cinema to make its books and payroll records available to petitioners so as to enable an audit. CBA Art. XV § 1.  The Local CBA further provides for resolution by a designated impartial arbitrator of any dispute relating to payments allegedly due to a benefit fund.  *Id.*, Art. XV § 7. The Local CBA further provides that:

> The arbitrator's award . . . shall be final and binding upon the parties hereto and the individual Employer, if any, and shall be wholly enforceable in any court of competent jurisdiction.

*Id.*  It further provides that, if the arbitrator finds funds due to a benefit fund, he "shall have full and complete authority . . . to fashion an appropriate remedy including . . . monetary damages," *id.*, and "shall be empowered to award such interest, liquidated damages, and/or costs as may be applicable," *id.*, Art. XV § 6(a)(6).

### B.     The Arbitration Award

Petitioners conducted an audit of Interior Cinema's books and records covering June 25, 2011 through September 30, 2013, revealing $32,838.37 in unpaid benefit fund contributions. Pet. ¶ 17.  After Interior Cinema failed to pay the delinquency, petitioners initiated an arbitration before Roger Maher, a designated arbitrator under the Local CBA.  *Id.* ¶ 18; *see also* CBA Art. XV § 7.  A notice of the arbitration and scheduled hearing was sent to Interior Cinema via regular and certified mail.  Pet. ¶ 18; *see also* Pet., Ex. C.  Interior Cinema, however, did not appear at the hearing; arbitrator Maher found it in default.  Award at 1–2.

The hearing took place August 6, 2014.  *Id.* at 1.  On August 11, 2014, arbitrator Maher issued the Award, finding that, "[u]pon the substantial and credible evidence of the case as a

whole," Interior Cinema "[was] delinquent in Fringe Benefit monies due under its written agreement and [was] also obligated to pay delinquency assessment and interest on its delinquency, plus an Attorney's Fee to the Petitioners and the Fee of the . . . Arbitrator, Court Costs, Audit Costs and Promotional Fund Fee all in accordance with the terms and provisions of the [CBA] . . . ." *Id.* at 2–3. Maher directed Interior Cinema to pay the Funds a total of $48,180.28, plus interest accruing at a rate of 5.25% from the Award date. *Id.* at 3.

### C. This Action

On June 15, 2015, after Interior Cinema had failed to comply with the Award, Pet. ¶ 21, petitioners filed this action seeking $48,180.28; "interest from the date of the Award through the date of judgment"; and attorneys' fees and costs in the amount of $2,157.50, *id.* at 7. Service was executed on June 19, 2015, Dkt. 8, and the deadline for Interior Cinema to answer the Petition was July 10, 2015, *see* Dkt. 6.

On July 16, 2015, petitioners asked that the Court consider the Petition unopposed. Dkt. 9. On July 17, 2015, the Court issued an order giving Interior Cinema until July 24, 2015 to respond, and stating that if it did not, the Court would consider the Petition unopposed. Dkt. 10. Petitioners served such order on Interior Cinema through certified and first class mail. Dkt. 11. To date, Interior Cinema has not appeared in this action.

## II. Discussion

The Court treats this petition for confirmation of an arbitral award as a motion for summary judgment. *See D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 109–10 (2d Cir. 2006). Because the Petition is unopposed, the Court treats it as an unopposed motion for summary judgment. *See id.*

4

### A.     Applicable Legal Standards

"Arbitration awards are not self-enforcing"; "they must be given force and effect by being converted to judicial orders by courts." *Power Partners MasTec, LLC v. Premier Power Renewable Energy, Inc.*, No. 14 Civ. 8420 (WHP), 2015 WL 774714, at *1 (S.D.N.Y. Feb. 20, 2015) (quoting *D.H. Blair*, 462 F.3d at 104) (internal quotation mark omitted).  The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted).  In this Circuit, "[t]he showing required to avoid summary confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

Review of an arbitral award by a district court "is 'severely limited' so as not unduly to frustrate the goals of arbitration, namely to settle disputes efficiently and avoid long and expensive litigation." *Salzman*, 2011 WL 6778499, at *2 (quoting *Willemijn*, 103 F.3d at 12). Indeed, "an arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is 'a barely colorable justification for the outcome reached.'" *Landy Michaels Realty Corp. v. Local 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir.

1992) (quoting *Andros Compania Maritima, S.A. v. Marc Rich & Co.*, 579 F.2d 691, 704 (2d Cir. 1978)).

  To prevail on a motion for summary judgment, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (citations omitted). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation mark omitted)).

  "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitration award, a court:

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*.

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law [. . .] a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best*

*Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007) (citing 9 U.S.C. § 9; *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)).

      **B.**    **Confirmation of the Arbitral Award**

On the basis of the Award and petitioners' submissions, and having undertaken the limited review that is appropriate here, the Court finds that petitioners have shown that there is no material issue of fact for trial, warranting summary judgment. The arbitrator, Maher, acted within the scope of the authority granted him by the parties. *See* CBA Art. XV §§ 6–7. Maher found Interior Cinema to be delinquent in benefit fund payments due under the Local CBA, as established through an audit performed by petitioners. Award at 2. Maher directed Interior Cinema to pay the amount of delinquent contributions, interest, liquidated damages, and costs and fees associated with bringing the arbitration, as well as interest accruing from the date of that decision. *Id.* at 2–3. The Court concludes that there was at least a "barely colorable justification for the outcome reached." *Landy Michaels Realty Corp.*, 954 F.2d at 797.[3]

---

[3] The Court has identified several discrepancies or unanswered questions as to dates recited in the Award versus petitioners' other submissions, but finds these immaterial. These arise from the Award's statement that the "Collective Bargaining Agreement . . . became effective 10/10/2013," and that delinquent payments in question "were discovered . . . during the period of 6/25/2011 through 9/30/2013." Award at 2. The meaning of the "10/10/2013" effective date, coming as it does after the delinquency period, is unclear; it may refer to the most recent renewal date of the International Agreement. The October *10*, 2013 effective date is also curious, in that the agreement was signed by Interior Cinema on October 1, 1998, and provided that "it shall automatically renew itself for subsequent three-year periods unless written notice to terminate is given by either party," Pet., Ex. A, Art. VIII, which logically would have yielded an October *1*, 2013 renewal date. And how the delinquency period recited in the Award of June 25, 2011 through September 30, 2015, Award at 2, squares with the effective date of the Local CBA, which was July 1, 2011, CBA at 1, six days before the start of the delinquency period, is elusive. It may be that petitioners' audit included Interior Cinema's books and records from that entire period, *see* Pet. ¶ 17 ("Petitioners conducted an audit of Respondent's books and records covering the period June 25, 2011 through September 30, 2013."), but that petitioners did not seek recovery of delinquent payments due before July 1, 2011. On review of an uncontested and factually supported Award, however, these modest unanswered questions are not to detain a grant of summary judgment. There are various possible explanations for these seeming

Accordingly, the Court confirms the arbitral award in favor of petitioners.

### C.     Attorneys' Fees and Costs

Petitioners also seek to recover attorneys' fees of $1,687.50, and costs of $470, both incurred in bringing this action. Pet. ¶¶ 30–31.

Petitioners are entitled to these awards. For actions to collect delinquent contributions to benefit funds, the Local CBA provides that if "a court of competent jurisdiction . . . renders a judgment in favor of such Fund(s), the Employer shall pay to such Fund(s) . . . reasonable attorney's fees and costs of the action . . . ." CBA Art. XV § 6(a). ERISA, too, provides for "reasonable attorney's fees and costs of the action, to be paid by the defendant." 29 U.S.C. § 1132(g). Furthermore, "courts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." *Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Alliance Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) (quoting *Abondolo v. H. &. M.S. Meat Corp.*, No. 07 Civ. 3870 (RJS), 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008)) (internal quotation marks omitted).

Here, Interior Cinema failed to remit delinquent contributions, abide by the Award, or respond to the Petition seeking to confirm the Award. It is therefore appropriate to award petitioners reasonable attorneys' fees and costs incurred in pursuing this action. In support of their request for fees and costs, petitioners submitted an invoice listing the completed tasks, attorneys' hourly rates, and billed hours. Pet., Ex. E. In total, petitioners incurred 7.5 hours of legal work, completed by two associates at a rate of $225 per hour. *Id.*; Pet. ¶¶ 26–30. The

---

discrepancies. But there is no question whether there was a "*barely colorable* justification for the outcome reached" at arbitration. *Landy Michaels Realty Corp.*, 954 F.2d at 797 (emphasis added). There was.

requested attorneys' fees are reasonable and in line with other attorneys' fees awarded in similar actions in this District. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund*, 2013 WL 6498165, at *7 (collecting cases). The submitted invoice also includes the service fees and court filing fees incurred in bringing this action. Pet., Ex. E. The Court therefore awards petitioners $2,157.50 in attorneys' fees and costs.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $48,180.28, plus interest at a rate of 5.25% from the date of the Award through the date of this judgment, plus attorneys' fees and costs in the amount of $2,157.50.

The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: October 23, 2015
New York, New York